IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CURTIS CORY AND CHERYL CORY, | ) |
| *Plaintiffs*, | ) ) ) |
| v. | ) Case No. CIV-19-221-G |
| NEWFIELD EXPLORATION MID-CONTINENT INC., | ) ) ) ) |
| *Defendant*. | ) ) ) |

**DEFENDANT OVINTIV MID-CONTINENT INC.'S
RESPONSE TO PLAINTIFFS' MOTION TO DISQUALIFY RICHARD GRIMES**

Defendant Ovintiv Mid-Continent Inc., formerly known as Newfield Exploration Mid-Continent Inc. ("Ovintiv") submits the following response to Plaintiffs' Motion to Disqualify Richard Grimes as an Expert Witness [Docket #47].

**BACKGROUND FACTS**

1. Curtis Cory consulted Mr. Grimes on an unrelated matter approximately 15 to 20 years ago. Exhibit 1, Affidavit of R. Grimes, ¶¶ 5-6. Since that time, Mr. Grimes has not had any contact with either Curtis Cory or Cheryl Cory. Ex. 1, ¶¶ 5-6. Plaintiffs' allegations that Mr. Cory "delivered information regarding this specific case and sought Richard Grimes' legal opinion regarding the validity of his legal strategy in this case" are patently false. Ex. 1, ¶ 6.

2. Plaintiffs have not consulted anyone in Mr. Grimes's office regarding the current litigation. Plaintiffs claim they contacted Mr. Grimes's office based on their contact with Jerry Day. Doc. No. 47, p. 1. However, Mr. Day is a *former* colleague of

Mr. Grimes who left his law practice over five years ago. Ex. 1, ¶ 3. Plaintiffs' allegation that they contacted Mr. Grimes's office is demonstrably false.

3.  Plaintiffs did not consult with Mr. Grimes's law partner. As discussed above, Mr. Day is not Mr. Grimes's law partner, and the two men have not been professionally affiliated in over five years. Ex. 1, ¶¶ 3-4.

4.  Mr. Day did not discuss this matter with Mr. Grimes. Plaintiffs claim that Mr. Day said he would discuss Plaintiffs' case with Mr. Grimes. Doc. No. 47, p. 1. But Mr. Day and Mr. Grimes do not work together, nor have they had a single conversation pertaining to work or a case consultation in over five years. Ex. 1, ¶¶ 3-4.

5.  In late 2019 or early 2020, Mr. Day received a call from an individual with the last name "Cory," whose first name Mr. Day cannot recall. Exhibit 2, Affidavit of J. Day, ¶ 3. Mr. Cory was attempting to reach Mr. Grimes, but Mr. Day informed him that Mr. Grimes had retired. Ex. 2, ¶ 3. Mr. Cory attempted to discuss his case with Mr. Day and expressed his dissatisfaction with his attorney and the Court. Ex. 2, ¶ 4. Mr. Day said he would forward Mr. Cory's phone number to Mr. Grimes. Ex. 2, ¶ 5. Mr. Day never forwarded Mr. Cory's number to Mr. Grimes or spoke to Mr. Grimes about the case or his call with Mr. Cory. Ex. 2, ¶¶ 6-7.

**ARGUMENT AND AUTHORITIES**

**I.  Mr. Grimes does not have a conflict of interest.**

Plaintiffs seek to disqualify Mr. Grimes because of an alleged conflict of interest based on Mr. Grimes's contact with Mr. Cory approximately 15 years ago, and Mr. Cory's purported consultation with Mr. Grimes's former law partner. To exclude an

expert based on a conflict, the moving party must demonstrate the existence of a confidential relationship, and the exchange of confidential information relevant to the instant litigation. *See, e.g., Bays Exploration, Inc.,* 2011 WL 13186513, at *3, No. Civ-07-754-D (W.D. Okla. Mar. 3, 2011) (Not Reported) (citing *Koch Refining Co. v. Jennifer L. Boudreau M/V*, 85 F.3d 1178 (5th Cir. 1996)); *Brett v. Hillerich & Bradsby Co.,* 2001 WL 36162670, No. Civ-99-981-C (W.D. Okla. Oct. 5, 2001) (Not Reported). There is no confidential relationship between Mr. Grimes and Plaintiffs, nor has confidential information been shared with Mr. Grimes by Plaintiffs.

First, Plaintiffs claim that they consulted with "Mr. Grimes office [sic] seeking advice regarding a similar case," and that Mr. Cory discussed the details of this case with Grimes's "law partner, Jerry Day." Doc No. 47, p. 1. These allegations are based on Plaintiffs' mistaken assumption that Mr. Day shares an office or is partnered with Mr. Grimes. Mr. Day and Mr. Grimes are not law partners, do not share an office, and have not spoken in years. Ex. 1, ¶¶ 3-4. Plaintiffs' allegation that they consulted with "Mr. Grimes office" is based on a mistaken belief that Mr. Day and Mr. Grimes are law partners.

Mr. Day and Mr. Grimes have only spoken one time since Mr. Day left the office several years ago. Ex. 1, ¶ 4. Since Mr. Day left Mr. Grimes's office, the two men had one conversation when they met at a conference in 2018. Ex. 1, ¶ 4. To the extent Mr. Cory consulted with Mr. Day on this case, or any other case, none of that information was communicated to Mr. Grimes. Ex. 1, ¶ 6.

Though Plaintiffs claim that Mr. Day "told Mr. Cory he would discuss the matter with Mr. Grimes," (Doc No. 47, p. 1) Mr. Grimes was never consulted. Mr. Day has clarified that he was contacted by Mr. Cory and indicated that he would forward Mr. Cory's telephone number to Mr. Grimes. Ex. 2, ¶¶ 3,5. However, Mr. Day never contacted Mr. Grimes about the case. Ex. 2, ¶¶ 6-7.

Second, Plaintiffs claim Mr. Grimes has a conflict because Mr. Cory retained Mr. Grimes in "similar legal matters" and that Mr. Cory "delivered information regarding this specific case." Doc No. 47, p. 2. This is simply not true. Plaintiffs omit details as to *when* Mr. Cory allegedly retained Mr. Grimes, presumably because they are aware it has been over a decade since Mr. Cory and Mr. Grimes have had any contact. Ex. 1, ¶ 5. Mr. Grimes believes it has been 15 to 20 years since he and Mr. Cory have had contact. Ex. 1, ¶ 5. Plaintiffs did not, and could not have delivered information "regarding this specific case." Ex. 1, ¶ 5.

Moreover, Mr. Cory admits in his own affidavit that he consulted Mr. Grimes on "matters **unrelated** to this case" (Doc. No. 47-1, p. 1 (emphasis added)), and Plaintiffs recite at the beginning of their motion that Mr. Cory consulted Mr. Grimes on unrelated matters. Doc. No. 47, p. 1. Despite this, Plaintiffs do an about-face and allege that Mr. Cory sought Mr. Grimes's legal opinion regarding his "legal strategy in this case." Doc No. 47, p. 2. To the contrary, Mr. Grimes has not been consulted by Mr. Cory or Mr. Day on matters relating to this case. Ex. 1, ¶ 6.

Plaintiffs have failed to demonstrate either the existence of a confidential relationship or the exchange of confidential information related to this litigation. *See,*

4

*Bays Exploration, Inc.,* 2011 WL 13186513 at *3. Accordingly, Mr. Grimes does not have a conflict of interest in this case and should not be disqualified.

### II. Mr. Grimes's opinions are not impermissible legal conclusions.

Plaintiffs also seek to exclude Mr. Grimes based on the allegation that his testimony is "inadmissible because it is an ultimate issue of law." Doc No. 47, p. 2. Mr. Grimes is qualified to and prepared to offer testimony to help the trier of fact understand the voluntary pooling provision in the Cory Lease, and the policies, practices, and procedures at the OCC. Though his opinions touch on the law, they do not impermissibly define the legal parameters within which the fact-finder must exercise its fact-finding function. Instead, Mr. Grimes will offer helpful testimony to understand the complexities of proceedings before the OCC and resulting OCC Orders.

The rule prohibiting legal conclusions at trial is not a "per se bar on any expert testimony which happens to touch on the law." *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1246 (10th Cir. 2000). In fact, "an expert may be 'called upon to aid the jury in understanding the facts in evidence even though reference to those facts is couched in legal terms.'" *Id.* "Expert testimony on legal issues crosses the line between the permissible and impermissible when it 'attempt[s] to define the legal parameters within which the jury *must* exercise its fact-finding function.'" *Id.*

While "an expert may not 'simply tell the jury what result it should reach,'" no issue arises with the testimony so long as the expert "explain[s] the basis for any summary opinion." *U.S. v. Schneider*, 704 F.3d 1287, 1293-94 (10th Cir. 2013); *U.S. v. Richter*, 796 F.3d 1173, 1195-96 (10th Cir. 2015) ("Witnesses are permitted to testify

5

about how the law applies to a certain set of facts, so long as they provide adequate explanations for their conclusions.") "Permissible testimony provides the jury with the tools to evaluate an expert's ultimate conclusion and focuses on questions of fact that are amenable to the scientific, technical, or other specialized knowledge within the expert's field." *Richter*, 796 F.3d at 1195 (citing *U.S. v. Dazey*, 403 F.3d 1147, 1171-72 (10th Cir. 2005)). Ultimately, the Tenth Circuit "allow[s] experts to apply the law to the facts to reach a discrete legal conclusion relevant to the case," so long as the expert "focus[es] on a specific question of fact...." *U.S. v. Ferris*, No. CR-18-159-D, 2019 WL 4179837, at *3 (W.D. Okla. Sept. 3, 2019).

Here, Mr. Grimes has been asked to review the Cory Lease and its relevant provisions, as well as Orders from the OCC, and well data for the various wells drilled on the relevant property. He will opine on how the voluntary pooling provisions in the Cory Lease apply and when they can be utilized by an oil and gas operator. He will also opine on the implications of an OCC drilling and spacing order that conflicts with the voluntary pooling provision contained in the Cory Lease. Based on these various factual considerations, he has drawn discrete legal conclusions relevant to the case. However, his conclusions are not improper because he can explain the basis for his opinions and provide the finder of fact with the tools to evaluate his conclusions and the ultimate issues in this case.

Mr. Grimes's testimony is particularly helpful to the trier of fact because it will provide tools to understand and apply the complex administrative proceedings and orders from the OCC. Because Mr. Grimes is an attorney who has practiced in front of the OCC

for decades, he is not only familiar with relevant law, but also with policies, practices, and customs at the OCC. Mr. Grimes's challenged opinions are largely his insight and opinions on the policies related to how the oil and gas industry and the OCC treat voluntary pooling provisions in light of subsequent drilling and spacing orders. His extensive experience in front of the OCC bears directly on these topics.

Mr. Grimes has examined the facts of this case to reach discrete legal conclusions, and his vast experience and practice before the OCC will assist the trier of fact in evaluating this case. His opinions will provide tools to the trier of fact to reach a decision without impermissibly establishing the "parameters" or their decision. Plaintiffs' Motion to Disqualify should be denied.

## **CONCLUSION**

Plaintiffs' attempt to disqualify Mr. Grimes as an expert witness is unsupported by fact or law. Mr. Grimes does not have a conflict of interest because he does not have a confidential relationship with Plaintiffs, and has not received confidential information from Plaintiffs. Likewise, Mr. Grimes will offer permissible expert opinions on the Cory Lease, the OCC, and OCC Orders. Plaintiffs' Motion should be denied in its entirety.

Respectfully submitted,

*s/ Jodi C. Cole*
Timothy J. Bomhoff, OBA #13172
Jodi C. Cole, OBA #22107
McAfee & Taft A Professional Corporation
10th Floor, Two Leadership Square
211 North Robinson
Oklahoma City, OK 73102-7103
Telephone:   (405) 235-9621
Facsimile:    (405) 235-0439
tim.bomhoff@mcafeetaft.com
jodi.cole@mcafeetaft.com

**Attorneys for Defendant Ovintiv Mid-Continent Inc., formerly known as Newfield Exploration Mid-Continent, Inc.**

## CERTIFICATE OF SERVICE

This certifies that on August 26, 2020, I electronically filed the attached document with the Clerk of Court using the CM/ECF system for electronic filing. A Notice of Electronic Filing will be automatically transmitted to the following CM/ECF registrants currently on file.

Niles E. Stuck
Niles Stuck, PLLC2524 N. Broadway, #440
Edmond, OK 73034
niles@nstucklaw.com
Attorney for Plaintiffs

Russ Walker
Walker & Walker
511 Couch Drive, Third Floor
Oklahoma City, Oklahoma 73102
rjwalker@walkerandwalker.com
Attorney for Plaintiffs

                */s/ Jodi Cole*