UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CURTIS CORY et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. CIV-19-221-G |
| | ) |
| NEWFIELD EXPLORATION | ) |
| MID-CON, INC., | ) |
| | ) |
| Defendant. | ) |

### ORDER

Now before the Court is Defendant's Notice of Suggestion of Lack of Subject Matter Jurisdiction (Doc. No. 57). Plaintiffs have filed a Response (Doc. No. 59), and Defendant has filed a Reply (Doc. No. 60). The Court makes its decision based on the parties' written submissions.

*I. Background*

On January 30, 2019, Plaintiffs Curtis Cory and Cheryl Cory initiated this lawsuit in the District Court of Kingfisher County, Oklahoma, against Defendant Newfield Exploration Mid-Continent, Inc. *See* Pet. (Doc. No. 1-1).

On March 6, 2019, Defendant removed the action to this Court on the basis of diversity jurisdiction, asserting that it is a citizen of both Delaware (where it is incorporated) and Texas (where its principal place of business is located) and that, "[u]pon information and belief, Plaintiffs are . . . citizens of Oklahoma." Notice of Removal (Doc. No. 1) at 6-7; *see* 28 U.S.C. §§ 1332(a)(1), 1441(a); *see also* Def.'s Corp. Disclosure

Statement (Doc. No. 4). Plaintiffs did not move to remand the lawsuit to Kingfisher County or otherwise notify the Court of any jurisdictional defects.

On September 30, 2020, Defendant notified the Court that, during the deposition of Cheryl Cory on July 27, 2020, Defendant learned that Cheryl Cory is a resident and citizen of Texas—not Oklahoma. *See* Def.'s Notice (Doc. No. 57) at 2. Defendant further advised the Court that, for a period spanning several weeks, the parties attempted to negotiate a dismissal of Cheryl Cory from the lawsuit but were unable to reach an agreement regarding the terms of dismissal. *See id.* at 2; Fed. R. Civ. P. 41(a)(1)(a)(ii).

In the meantime, various transactions occurred that arguably altered the citizenship of Defendant. When the action was filed in January 2019, Defendant Newfield Exploration Mid-Continent Inc. was wholly owned by Newfield Exploration Company. Def.'s Reply (Doc. No. 60) at 3-5; Aff. of Adam Pressnall ¶ 3 (Doc. No. 60-1). After filing but prior to the March 2019 removal to this Court, Newfield Exploration Company merged with a wholly owned subsidiary of Encana Corporation, which is based in Canada. Aff. of Adam Pressnall ¶ 4; Def.'s Reply Ex. 2 (Doc. No. 60-2). After removal, Encana Corporation was reorganized. Aff. of Adam Pressnall ¶ 4. The result was that Newfield Exploration Mid-Continent Inc. became known as Ovintiv Mid-Continent Inc. and Newfield Exploration Company became known as Ovintiv Exploration Inc. *Id.* ¶¶ 4-5; Def.'s Reply at 3. Ovintiv Mid-Continent Inc. is wholly owned by Ovintiv Exploration Inc., which in turn is wholly owned by Ovintiv USA Inc., which in turn is wholly owned by Ovintiv Inc. Def.'s Suppl. Corp. Disclosure Statement (Doc. No. 62). The current status is: (1) the presumed real party in interest, Ovintiv Mid-Continent Inc., is the successor of named Defendant

2

Newfield Exploration Mid-Continent Inc. and, like its predecessor, is incorporated in Delaware and has its principal place of business in Texas (*see id.*; Aff. of Adam Pressnall ¶ 6); and (2) Defendant's ultimate parent, Ovintiv Inc., was incorporated in Delaware and now has its principal place of business in Colorado (*see* Def.'s Reply at 3).

## II. Discussion

It is now undisputed that, at present and at all times relevant to this lawsuit, Plaintiff Curtis Cory was and has been a citizen of Oklahoma, and Plaintiff Cheryl Cory was and has been a citizen of Texas. Def.'s Notice at 2; Pl.'s Resp. (Doc. No. 59) at 1. It is likewise undisputed that, at the time this lawsuit was initially filed in state court, Defendant Newfield Exploration Mid-Continent Inc. was a citizen of Texas.[1]  Def.'s Notice at 2; Pl.'s Resp. at 2; *see* 28 U.S.C. § 1332(c)(1). Because a plaintiff and the defendant were both Texas citizens when the lawsuit was filed, the Court cannot exercise removal jurisdiction even assuming, as Plaintiffs argue, that Defendant lost its Texas citizenship prior to removal. *See* 14C Joan E. Steinman et al., *Federal Practice and Procedure (Wright & Miller)* § 3723 (rev. 4th ed.) (explaining that, subject to certain exceptions inapplicable here, when a case is removed on the basis of diversity of citizenship, diversity must exist both "at the time the action was filed in the state court" *and* "at the time the case is removed to federal court"). The resulting question is whether the lawsuit should be remanded to

---

[1] Plaintiffs suggest that Newfield Exploration Mid-Continent Inc. lost its Texas citizenship as a result of the February 2019 merger, which occurred after this action was filed in state court bur prior to removal to federal court. *See* Pl.'s Resp. at 2.

3

state court or whether, instead, Cheryl Cory should be dismissed so that the Court may exercise subject-matter jurisdiction over the claims of Curtis Cory.

Cheryl Cory asserts that "she would prefer to be dropped from this case rather than have the matter be remanded to Kingfisher County." Pl.'s Resp. at 3. Citing Rule 21 of the Federal Rules of Civil Procedure, she contends that the Court has "discretion to drop a party at any time" and urges the Court to exercise that discretion so that Curtis Cory may proceed with his claims against Defendant. *Id.* Defendant, on the other hand, asks the Court to remand the lawsuit to the Kingfisher County state court, arguing that Rule 21 is inapplicable because there is no allegation of misjoinder and that application of Rule 21 would be unjust under the circumstances. *See* Def.'s Reply at 6; 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Rule 21 provides: "Misjoinder of parties is not a ground for dismissing an action. On motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Fed. R. Civ. P. 21. There is a split of authority as to whether, as Defendant argues, misjoinder is a prerequisite to application of Rule 21.[2] Relatedly, federal courts are divided on the propriety of using Rule 21 to create

---

[2] *Compare Newman-Green, Inc. v. Alfonzo-Larrain*, 490 U.S. 826, 839-40 (1989) (Kennedy, J., dissenting) (emphasizing "that Rule 21 governs only misjoinder and nonjoinder," thus suggesting that the rule cannot be used to dismiss properly joined parties), *and Schudel v. Miller*, No. 12-CV-01864-REB-KLM, 2013 WL 1815730, at *6 (D. Colo. Apr. 29, 2013) (denying motion to sever the claim against a nondiverse defendant under Rule 21 based on finding that such defendant had not been misjoined), *with Gentry v. Lawton Corr. Facility*, No. CIV-14-310-W, 2014 WL 2712305, at *2 (W.D. Okla. May 13, 2014) (R. & R.) ("Severance under Rule 21 is not limited solely to curing misjoinder

federal subject-matter jurisdiction when it did not exist at the time of filing.[3]

The Court need not resolve such thorny issues in this case, for, even assuming the propriety of applying Rule 21 to drop a properly joined party for the purpose of creating diversity jurisdiction, the Court concludes that dismissing Cheryl Cory from this lawsuit would unduly prejudice Defendant and would not promote judicial economy or convenience. *See Lexington Ins. Co. v. Newbern Fabricating, Inc.*, No. 14-CV-0610-CVE-TLW, 2015 WL 3911305, at *8 n.3 (N.D. Okla. June 25, 2015) (explaining that application of Rule 21 is "discretionary and requires the Court to consider the potential prejudice to the parties, potential confusion to the jury, and the relative convenience and economy" (internal quotation marks omitted)); *Ravenswood Inv. Co.*, 651 F.3d at 1225 (noting that district courts are in the best position to make the "prejudice and efficiency determinations" that are a prerequisite to application of Rule 21); *accord Newman-Green, Inc.*, 490 U.S. at

---

of parties, given that the rule explicitly provides that the court may sever 'any' claim against a party."), *adopted*, 2014 WL 2727196 (W.D. Okla. June 16, 2014), *and Safeco Ins. Co. of Am. v. City of White House*, 36 F.3d 540, 546 (6th Cir. 1994) (rejecting argument "that Rule 21 pertains only to misjoined parties and does not authorize the dismissal of parties properly joined").

[3] *Compare Ravenswood Inv. Co. v. Avalon Corr. Servs.*, 651 F.3d 1219, 1223 (10th Cir. 2011) ("A district court can dismiss a dispensable nondiverse party pursuant to Fed. R. Civ. P. 21 to cure a jurisdictional defect at any point in the litigation . . . ."), *with Newman-Green, Inc.*, 490 U.S. at 840 (Kennedy, J., dissenting) ("It must be remembered . . . that Federal Rule of Civil Procedure 82 expressly provides that the other Rules must not be construed to extend or limit the jurisdiction of the district courts. Since dismissing a nondiverse party confers jurisdiction retroactively on the district court, it is questionable whether relying on Rule 21 is consistent with Rule 82's clear admonition."), *and Nolan v. Olean Gen. Hosp.*, No. 13-CV-333-A, 2013 WL 3475475, at *8 (W.D.N.Y. July 10, 2013) (collecting cases for the proposition that Rule 82 precludes the use of Rule 21 to create federal subject-matter jurisdiction).

837-38. As Defendant argues, dropping Cheryl Cory from this lawsuit would create the very real prospect that Defendant "will be forced to litigate this entire case twice[:] once in this Court with Curtis Cory, and again in state court with Cheryl Cory." Def.'s Reply at 7. As a result, "it would be more efficient to remand this case, in its entirety, to Kingfisher County for streamlined resolution among all parties." *Id.* at 8.

Further, the Tenth Circuit has explained that, in determining whether to apply Rule 21, "[t]he district court is also free to consider whether any party bears greater fault in failing to discover the jurisdictional defect." *Ravenswood*, 651 F.3d at 1225. As between Plaintiffs and Defendant, Plaintiffs were certainly in a better position to know where Cheryl Cory was residing at the time the lawsuit was filed. Yet Plaintiffs took no action in response to the removal of the lawsuit to federal court; nor did they challenge the assertion in Defendant's Notice of Removal that Cheryl Cory is a resident and citizen of Oklahoma. The Court finds that this additional fact weighs against dismissal.

## CONCLUSION

For the reasons set forth above, the Court concludes that there is not complete diversity of parties as required to exercise jurisdiction under 28 U.S.C. § 1332(a). Thus, in accordance with 28 U.S.C. § 1447(c), this case is REMANDED to the District Court of Kingfisher County, Oklahoma. The Clerk of this Court is DIRECTED to send a certified copy of this Order to the Clerk of the state court to which this matter is remanded.

IT IS SO ORDERED this 4th day of December, 2020.

CHARLES B. GOODWIN
United States District Judge