UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| CURTIS CORY et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. CIV-19-221-G |
| | ) | |
| NEWFIELD EXPLORATION | ) | |
| MID-CONTINENT, INC., | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

Now before the Court is the parties' Joint Motion to Vacate (Doc. No. 64) the Court's December 4, 2020 Order remanding this action to the District Court of Kingfisher County, Oklahoma (hereinafter the "Remand Order"). As set forth below, the Motion is denied.

*I.    Relevant Background*

Plaintiffs Curtis Cory and Cheryl Cory initiated this lawsuit in the District Court of Kingfisher County, Oklahoma on January 30, 2019. *See* Pet. (Doc. No. 1-1). Defendant thereafter removed the action to this Court on the basis of diversity jurisdiction, asserting that it is a citizen of both Delaware (where it is incorporated) and Texas (where its principal place of business is located) and that, "[u]pon information and belief, Plaintiffs are . . . citizens of Oklahoma." Notice of Removal (Doc. No. 1) at 6-7; *see* 28 U.S.C. §§ 1332(a)(1), 1441(a); *see also* Def.'s Corp. Disclosure Statement (Doc. No. 4). Plaintiffs did not move to remand the lawsuit to Kingfisher County or otherwise notify the Court of any jurisdictional defects.

On September 30, 2020, Defendant filed a Notice of Suggestion of Lack of Subject-Matter Jurisdiction (Doc. No. 57) advising the Court that, on July 27, 2020, it learned that Cheryl Cory is and at all relevant times was a resident and citizen of Texas—not Oklahoma. *See* Def.'s Notice (Doc. No. 57) at 2.  Defendant further advised the Court that, for a period spanning several weeks, the parties attempted to negotiate a dismissal of Cheryl Cory from the lawsuit but were unable to reach an agreement regarding the terms of dismissal.  *See id.* at 2; Fed. R. Civ. P. 41(a)(1)(a)(ii).  At the Court's direction, Plaintiff filed a Response to the Notice (Doc. No. 59) and Defendant filed a Reply (Doc. No. 60).

Based on the parties' written submissions, the Court concluded that there was not complete diversity of parties at the time the lawsuit was filed and, therefore, the Court could not exercise removal jurisdiction.  Remand Order at 3-4.  The Court further concluded that it would be inappropriate to dismiss Cheryl Cory from the lawsuit, as requested by Plaintiffs, reasoning that her dismissal would unduly prejudice Defendant and would not promote judicial economy or convenience.  *Id.* at 4-6.  The Court entered its Order remanding the case on Friday, December 4, 2020.

On Monday, December 7, 2020, the parties filed the instant Motion asking the Court to vacate the Remand Order.  *See* Joint Mot. (Doc. No. 64).  The parties advise that they have "entered into an agreement . . . to dismiss Cheryl Cory and cure any potential jurisdictional defects" and that, if the Court vacates its Order as requested, they will "immediately file a joint stipulation of dismissal of Cheryl Cory from this case with prejudice."  *Id.* at 1-2.

II.    *Analysis*

Federal statute provides that, subject to certain exceptions not applicable here, an order of remand is not reviewable "on appeal or otherwise."  28 U.S.C. § 1447(d).  This language has been "universally construed" by federal courts of appeal to bar district courts from revisiting their orders of remand.  *Brierly v. Alusuisse Flexible Packaging, Inc.*, 184 F.3d 527, 531 (6th Cir. 1999); *see also First Union Nat'l Bank v. Hall,* 123 F.3d 1374, 1377 (11th Cir. 1997) ("Th[e] nonreviewability [mandated by § 1447(d)] extends to the power of a district court to reconsider its own remand order."); *In re Lowe,* 102 F.3d 731, 734 (4th Cir. 1996) ("Indisputably, 'otherwise' in § 1447(d) includes reconsideration by the district court"); *Seedman v. U.S. Dist. Ct. for Cent. Dist. of Cal.*, 837 F.2d 413, 414 (9th Cir. 1988) (per curiam); *New Orleans Pub. Serv., Inc. v. Majoue*, 802 F.2d 166, 167 (5th Cir. 1986).  Lower courts within this Circuit have held likewise.  *See, e.g., N.M. Ctr. on Law & Poverty v. Squier*, 131 F. Supp. 3d 1241, 1243 (D.N.M. 2014) (§ 1447(d)'s prohibition on reviewability "extends to the court reviewing its own remand orders"); *Maggio Enters. v. Hartford Cas. Ins. Co.,* 132 F.Supp.2d 930, 931 (D. Colo. 2001) ("Because a remand order deprives the district court of jurisdiction, the district court may not vacate or reconsider its order of remand."); *Aetna U.S. Healthcare, Inc. v. Hoechst Aktiengesellschaft,* 67 F.Supp.2d 1242, 1245 (D. Kan. 1999) ("The broad language of Section 1447(d) clearly prohibits review of remand orders under Section 1447(c), and a motion for reconsideration is a form of review." (citations omitted)).

Applying these authorities, the effect of the Remand Order was to divest this Court of jurisdiction over this matter, meaning the relief the parties request is unavailable even if

they were to convince the Court that the Remand Order was improper or incorrect.  *See New Orleans Pub. Serv.,* 802 F.2d at 167 (stating "even if it later decides the order was erroneous, a remand order cannot be vacated. . . by the district court").  On that basis, the Court DENIES the Joint Motion to Vacate.

The Court further notes its disagreement with several contentions raised in the submissions received after the Remand Order was entered.[1]

First, the parties cite nonbinding authority for the proposition that the divestiture of jurisdiction that occurs upon remand is effective not when a remand order is entered but when it is mailed.  The Court declines to adopt that construction of § 1447(d).  It is the order of the district court remanding a matter that effects remand, not any subsequent ministerial act pursuant to that order.  Moreover, as noted on the docket, a certified copy of the Remand Order was mailed to the Kingfisher County District Court on Friday, December 4, 2020.  *See* Docket Entry of Dec. 4, 2020.  The parties appear to argue that "mailing" did not occur on that date because the Remand Order was merely placed in the court clerk's outbox and was not collected by the postal service until the following Monday.  *See* Joint Mot. at 3 (stating "[u]pon information and belief, the order remanding the case has not been mailed to Kingfisher County, Oklahoma").  No authority is provided for this argument and the Court rejects it.

---

[1] In addition to the Joint Motion to Vacate, the Court has received an unsigned letter and what appears to be a copy of the referenced agreement of the parties regarding the dismissal of Plaintiff Cheryl Cory.  *See* Doc. No. 65.  The Court has ordered that the unsigned submission be filed but, due to its lack of foundation, gives it no weight.

Second, the parties have not shown that the Remand Order was, as they suggest, improper due to it being entered prior to a possible agreed resolution of the jurisdictional issue. The parties state that (1) as of December 1, 2020, the Plaintiffs and the Defendant had signed "an agreement in principle to dismiss Cheryl Cory and cure any potential jurisdictional defects"; and (2) on December 3 and 4, 2020, counsel for the parties had exchanged drafts of a "joint motion to dismiss and accompanying proposed order." Joint Mot. at 1-2. Further, the parties state that they notified court staff on November 20, 2020, that "an agreement was being circulated" that would result in the dismissal of Plaintiff Cheryl Cory and that court staff discussed the possibility of an administrative closing order. *Id*. To be clear, decisions of the Court are based on the parties' written submissions and, if a hearing is held, argument and evidence presented at that hearing. The parties' discussions and agreements are immaterial if not formally presented through a court filing or a statement in open court.[2]

Third, the parties have not shown that the Remand Order was, as they suggest, incorrect because the dismissal of nondiverse Plaintiff Cheryl Cory would "cure any potential jurisdictional defects." Joint Mot. at 1. In the Remand Order, the Court expressly discusses and rejects Plaintiffs' invitation that the Court apply Federal Rule of Civil Procedure 21 to dismiss Cheryl Cory, an indisputably properly-joined party, to create the

---

[2] The fact that there was a miscommunication in the conversation between Plaintiffs' counsel and court staff is apparent on the face of the parties' description alone, as an administrative closing order is typically entered when a case is settled in its entirety. Regardless, the ability to ask questions and informally communicate with court staff is a convenience that the Court permits counsel. Those communications are *not* official ones and certainly do not suffice to alter a party's position stated in a pending motion.

diversity that was not present at the time of removal.  If that decision means additional expense, it is better that the decision be taken *now*—a point that should be evident to counsel.  Continuing to ignore the absence of diversity at the time of removal runs the risk of even greater wasted effort.

CONCLUSION

Accordingly, the parties' Joint Motion to Vacate (Doc. No. 64) is DENIED.

IT IS SO ORDERED this 9th day of December, 2020.

CHARLES B. GOODWIN
United States District Judge